UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY, )
an individual, )
 )
       Plaintiff, ) CASE NO.: 1:23-cv-00355-RLY-MJD
 )
vs. )
 )
NATIONAL RETAIL PROPERTIES, INC., )
a Maryland Corporation, )
 )
and )
 )
BELL INDIANA LLC, )
a Delaware Limited Liability Company, )
 )
       Defendants. )
_____)

**FIRST AMENDED COMPLAINT**

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this First Amended Complaint and sues NATIONAL RETAIL PROPERTIES, INC., a Maryland Corporation, and BELL INDIANA LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County. However, Plaintiff frequently visits the Shelbyville area on business and to shop at the stores, restaurants and attractions located there.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, NATIONAL RETAIL PROPERTIES, INC., (hereinafter referred to as "Defendants"), is a Maryland Corporation registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner of the real property and improvements, which is the subject of this action, to wit: the "Property", a Taco Bell restaurant generally located at 1621 E. State Road 44, Shelbyville, IN 46176. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, BELL INDIANA LLC, (hereinafter referred to as "Defendants"), is a Delaware Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the lessee and/or operator of the real property and improvements, which is the subject of this action, to wit: the "Property", a Taco Bell restaurant generally located at 1621 E. State Road 44, Shelbyville, IN 46176. Defendant is responsible for complying with the obligations of the ADA.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, which includes a Taco Bell fast-food restaurant, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to utilize the goods and services offered at the Property.

12. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

14. Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and are discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct the architectural barriers to access below which Plaintiff personally encountered and which hindered Plaintiff's right to equal access at the Property:

> A. Plaintiff encountered disabled use parking spaces, two (2) in total, which were not accessible due to a lack of ADA signage to identify the spaces as exclusively for disabled use. This issue made it difficult for Plaintiff to

      recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

B. Plaintiff encountered ADA parking spaces designated for disabled use which were not accessible due to built-up curb ramps protruding into and obstructing the spaces as well as slopes in excess of 1:48 within the spaces. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize many of the disabled use parking spaces during his visits.

C. Plaintiff encountered two (2) inaccessible curb ramps throughout the Property due to disrepair, steep side flares and lack of smooth transitions which made it difficult and dangerous for Plaintiff to maneuver throughout the Property using his wheelchair. Additionally, as noted above, these ramps protrude into the ADA parking spaces causing additional hazards.

D. Plaintiff encountered inaccessible sidewalk routes adjacent to the Taco Bell store due to bulky "Mobile Pickup" signage placed along the sidewalk route making it impassible for wheelchair users. These conditions made it difficult and dangerous for Plaintiff to maneuver throughout the Property sidewalks using his wheelchair.

15. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

16. Independent of his intent to return as a patron to the Property because he enjoys the food offered there and is often in the area, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter their facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: March 31, 2023

Respectfully Submitted,

By: *Louis I. Mussman*
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
louis@kumussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, a true and correct copy of the foregoing was submitted to the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to:

Barath S. Raman, Esq.
LEWIS WAGNER, LLP

6

1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
braman@lewiswagner.com

                                                  By:    *Louis I. Mussman*
                                                           Louis I. Mussman, Esq.